**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STACY NEWMAN,

      Plaintiff,                    CASE NO:  08-11883

*v.*                               DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                  MAGISTRATE JUDGE CHARLES E. BINDER

WARREN C. EVANS,
Wayne County Sheriff,
JOHN DOE,
Wayne County Jail Medical Staff,
JOHN DOE,
Wayne County Officials,

      Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF**
(Doc. 40)
**AND MOTION FOR SUMMARY JUDGMENT**
**BY DEFENDANT WARREN C. EVANS**
(Doc. 41)

**I.**      **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary

Judgment be **DENIED**, that Defendant's Motion for Summary Judgment be **GRANTED**, and that the case

be dismissed.

**II.**      **REPORT**

      **A.**      **Background**

Plaintiff Stacy Newman filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on May

6, 2008.  The case was referred to the undersigned magistrate judge for pretrial case management on May

9, 2008.  (Dkt. 4.)

Defendant Warren Evans is the sheriff of Wayne County, Michigan.  The complaint alleges that while Plaintiff was being held as a pretrial detainee for 210 days at the Wayne County Jail, the conditions at the jail and the substandard medical care Plaintiff received violated his constitutional rights. Specifically, Plaintiff claims that he was deprived of sufficient space in which to exercise while in quarantine, was denied an appointment with a bone specialist for an injury that occurred while he was in quarantine, was deprived of proper medication for staph infection, and was deprived of having tests run by a doctor on his "staph disease."  (Doc. 38, Am. Compl. at 1.)  He also alleges that the jail was overcrowded, there was mold on the basins in the bathrooms, "slime oozing down the walls," "toilets dripping with waste and urine onto the floor," and bugs that bite in the shower. (*Id*. at 2-3.)  Plaintiff avers that he "caught a disease" and injured his right "arm/elbow" while incarcerated at the jail. (*Id*. at 3.)  He seeks millions of dollars in damages. (*Id*. at 3-4.)

On December 2, 2008, Plaintiff filed a Motion for Summary Judgment, which consists primarily of recitations of legal standards and governing principles of prisoner civil rights law, but does not contain any analysis of how these principles apply to Plaintiff's incarceration experiences at the Wayne County Jail. (Doc. 40.)  The following day, Defendant Warren Evans, Wayne County Sheriff, filed a Motion for Summary Judgment, asserting (1) that Plaintiff's serious medical needs were not treated with deliberate indifference while he was incarcerated in the Wayne County Jail, (2) Plaintiff has failed to set forth any evidence of a policy, practice or custom that would support an official capacity claim against the John Doe Wayne County Officials and Medical Staff defendants, and (3) that Defendant Sheriff Evans is entitled to qualified immunity. (Doc. 41.)       On January 5, 2009, Plaintiff filed a response to Defendant's motion (Doc. 43) and on January 8, 2009, Defendant filed a response to Plaintiff's motion (Doc. 44.)  In January 2009, counsel for Defendant filed two additional documents, a Reply to Plaintiff's motion (Doc. 45), which was accompanied by several exhibits, and a Supplemental Brief (Doc. 46) with numerous pages of medical records and other documents.  Plaintiff Newman also filed a Reply, with grievance documents attached. (Doc. 47.)

Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), the motions are ready for Report and Recommendation without oral argument.

### B.        Motion Standards

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, and will be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In responding to a motion for summary judgment, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 191 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). Regarding evidence submitted for summary judgment consideration, the Sixth Circuit has explained that

> Federal Rule of Civil Procedure 56 requires the plaintiff to present evidence of evidentiary quality that demonstrates the existence of a genuine issue of material fact. Examples of such evidence include admissible documents or attested testimony, such as that found in affidavits or depositions. The proffered evidence need not be in admissible form, but its content must be admissible. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997).

*Perry v. Jaguar of Troy*, 353 F.3d 510, 516 n.3 (6th Cir. 2003).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court may rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

## C.     Motions for Summary Judgment

### 1.     Deliberate Indifference to Serious Medical Need Claim

The Eighth Amendment requires that convicted prisoners be provided "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981). Pretrial detainees held in jail are protected under the Fourteenth Amendment, which provides that "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 1872, 60 L. Ed. 2d 447 (1979). The Sixth Circuit has made clear that such detainees are thus entitled to the same Eighth Amendment rights as other inmates. *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985).

Prison authorities may be sued for deliberate indifference to the serious medical needs of prisoners because such indifference constitutes the unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The defendants' conduct or lack of conduct, however, must demonstrate a knowing indifference to serious medical needs. *See, e.g., Hicks v. Frey*, 992 F.2d 1450, 1454-57 (6th Cir. 1993). "Deliberate indifference, however, does not include negligence in diagnosing a medical condition." *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995). Similarly,

4

differences of opinion between a plaintiff and his doctor regarding his diagnosis and treatment do not state an Eighth Amendment claim. *Estelle*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

A prison official exhibits deliberate indifference by intentionally denying or delaying access to medical care. *Estelle*, 429 U.S. at 104-05. When a plaintiff brings a claim for delay in medical treatment, he must allege that the delay had a detrimental effect. *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001) ("an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed").

In this case, Plaintiff's complaint does not allege specific instances when a particular defendant was deliberately indifferent to his serious medical needs; instead, he broadly alleges that during his approximately seven-month stay at the Wayne County Jail, he developed a staph infection, was denied an appointment with a bone specialist for an injury that occurred while he was in quarantine, was deprived of proper medication, and was deprived of having tests run by a doctor on his "staph disease." (Doc. 38, Am. Compl. at 1.)

Defendant asserts that Plaintiff's deliberate indifference claim must fail because Plaintiff received extensive medical treatment during his period of incarceration and Plaintiff's disagreement with the methods of treatment does not amount to a violation of his rights. Defendant has provided a seven-page narrative account of the medical treatment Plaintiff received (Doc. 41 at 8-14) and medical records showing that Plaintiff was treated by doctors, nurses and dentists twenty-two times during his incarceration. (Doc. 41 at 18; Doc. 46 at 2-64.) He was treated for a left arm sprain, high blood pressure, carpal tunnel syndrome, nasal abscess, constipation, neck rash, broken tooth, ear ache, folliculitis, hyperlipidemia, and dermatitis. X-rays were taken, blood tests were run, and at least twelve prescription medications were dispensed. At least three times, he failed to attend a scheduled appointment. (Doc. 41 at 8-14.)

5

In response to the motion for summary judgment, Plaintiff reiterates that pretrial detainees are presumed innocent and therefore may not be "punished" during pretrial incarceration, and he restates his allegation that he "was suffering from a lack of prompt medical attention." (Doc. 43 at 11, 12.[1])

I suggest that here, where the record demonstrates that Plaintiff received extensive medical and dental attention during his incarceration, and he has not identified any specific occasion where a defendant or other government official demonstrated a knowing indifference to his serious medical need, Defendant is entitled to summary judgment. *See McFarland v. Austin*, 196 Fed. App'x 410, 411 (6th Cir. 2006) ("as the record reveals that McFarland has received some medical attention and McFarland's claims involve a mere difference of opinion between him and medical personnel regarding his treatment, McFarland does not state a claim under the Eighth Amendment"); *White v. Correctional Medical Services*, 94 Fed. App'x 262 (6th Cir. 2004) (where the essence of plaintiff's claims was that he disagreed with the defendants' approaches to his medical treatment, dismissal of complaint for failure to state a claim was affirmed)*; Selby v. Martin*, 84 Fed. App'x 496, 499 (6th Cir. 2003) ("the record reveals that [plaintiff] not only received a medical evaluation by a nurse and a physician, he also received instructions with regard to daily care of his abrasions. Thus, the record clearly reveals a competent and conscientious course of medical treatment, and [plaintiff's] dissatisfaction with his treatment does not state a claim under the Eighth Amendment").

### 2.    Supervisory Liability Claim

To the extent Plaintiff alleges that Defendant Sheriff Evans is liable for failing to ensure that the medical staff afforded proper treatment to Plaintiff, Defendant Evans moves for summary judgment on the basis that he neither participated in Plaintiff's medical care nor was responsible for it. (Doc. 41 at 16.) He explains that, in Wayne County, the sheriff is responsible for accepting and lodging inmates, and the head of the county's Jail Health Services Division is responsible for inmates' medical care. (*Id*. at 19.)

---

[1] Page numbers given correspond to the page numbering in the Court's electronic filing system.

Section 1983 liability must be premised on more than mere *respondeat superior*, the right to control one's employees.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  A supervisor is not liable under § 1983 unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*. (quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982)).  Here, where Plaintiff has not alleged that Defendant Evans authorized, encouraged or participated in any unconstitutional conduct, I suggest that Defendant is entitled to summary judgment.

### 3.    Official Capacity Claim

Defendant asserts that, to the extent Plaintiff has named the sheriff in his official capacity and has also named "John Doe" Wayne County officials and medical staff, they are entitled to summary judgment because Plaintiff has not identified a specific policy or set forth any facts to establish an allegedly unconstitutional practice or custom.

A suit against a sheriff or other county official in his official capacity is permissible under section 1983, and is equivalent to a suit against the entity on whose behalf he acts — in this case, Wayne County. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 56 L. Ed.  2d 611 (1978).  A municipality, like a supervisor, may not be held liable under section 1983, simply upon the theory of *respondeat superior.   Id.* at 691.  A municipality may be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  *Id*. at 694. Furthermore, for municipal liability, there must be an "affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985).  The claimant has the burden of proof for establishing the existence of an unconstitutional policy and demonstrating the link between the policy and the alleged injuries at issue.  *King v. City of Eastpointe*, 86 Fed. Appx. 790, 801 (6th Cir. 2003).

I suggest that Defendant is entitled to summary judgement because Plaintiff has not identified any policy or custom attributable to the County that has resulted in a constitutional injury being inflicted upon Plaintiff.

### 4.    Jail Conditions Claim

Finally, with regard to Plaintiff's claim about the conditions of the jail – that it was overcrowded and dirty – I suggest that Plaintiff has failed to state a claim because these alleged deprivations were not sufficiently serious to rise to the level of an Eighth Amendment violation. *See Farmer v. Brennan*, 511 U.S. 825, 832, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (concluding that a sufficiently serious deprivation must result in the denial of "the minimal civilized measure of life's necessities" such as shelter, sanitation, food, personal safety, medical care, and clothing); *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (concluding that ten days in segregation unit without toilet paper, toothbrush or toothpaste, and in "filthy, roach-infested cell" did not constitute an Eighth Amendment violation).

## III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/ Charles E Binder

CHARLES E. BINDER
Dated: February 27, 2009                              United States Magistrate Judge


**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Karie H. Boylan, served by first class mail on Stacy Newman at 71 E. Edsel Ford Fwy., Detroit, MI, 48202-3721; and served on District Judge Zatkoff in the traditional manner.


Date:  February 27, 2009                  By      s/Jean L. Broucek
                                          Case Manager to Magistrate Judge Binder


9